FILED

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DeMONT R.D. CONNER,

        Plaintiff - Appellant,

  v.

BEN GRIEGO, Assistant Warden at
Saguaro Correctional Center; et al.,

        Defendants - Appellees.

No. 10-16405

D.C. No. 2:08-cv-01795-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedgwick, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

    DeMont R.D. Conner, a Hawaii state prisoner, appeals pro se from the

district court's dismissal order and summary judgment in his 42 U.S.C. § 1983

action alleging constitutional violations in connection with his placement in

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

disciplinary segregation and his conditions of confinement while held there. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Conner's access-to-courts claim because Conner failed to raise a genuine dispute of material fact as to whether the alleged denial of his legal papers caused actual injury, *see Lewis v. Casey*, 518 U.S. 343, 348-49 (1996), and Conner's excessive force claim because Conner failed to raise a triable dispute as to whether the use of pepper spray to obtain his compliance with requests to submit to hand restraints was excessive, *see Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Summary judgment was properly granted to Warden Thomas and Assistant Warden Garcia on Conner's retaliation claim because Conner failed to raise a triable dispute as to retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim).

However, we reverse the district court's grant of summary judgment to Assistant Warden Griego on Conner's retaliation claim because Conner submitted

evidence in his verified complaint stating that, before placing Conner in segregation, Griego told him, "So you think you're some kind of jailhouse lawyer, gonna sue everyone and cause trouble for us. Huh! Well, I got a place for you in segregation." This evidence creates a triable dispute as to whether Griego acted with a retaliatory motive and whether his actions reasonably advanced a legitimate correctional goal. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) ("[P]rison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right.").

Summary judgment was properly granted to Warden Thomas on Conner's conditions-of-confinement claim because Conner failed to create a triable dispute as to whether Thomas knew of and disregarded his alleged conditions of confinement. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (the deliberate indifference standard applies to inmate claims alleging inhumane conditions of confinement).

However, we reverse the district court's grant of summary judgment to Assistant Warden Griego and Unit Manager Garcia on Conner's conditions-of-confinement claim. Conner submitted evidence in his verified complaint showing

that for over one month, he was subjected to freezing temperatures and not provided bedding, a change of clothes, showers, or hygiene products. Conner also submitted evidence showing that Griego and Garcia knew of these conditions. This evidence creates a triable dispute as to whether Griego and Garcia violated Conner's Eighth Amendment rights. *See Wilson*, 501 U.S. at 304 ("Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need . . . .").

Accordingly, we reverse the judgment in part and remand to the district court for further proceedings on Conner's retaliation claim against Griego and conditions-of-confinement claim against Griego and Garcia.

Conner's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

4                                                            10-16405